UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW BRANDON, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:17-cv-149 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| SHERRY BURT, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## ORDER DENYING HABEAS RELIEF

Petitioner Matthew Brandon was convicted in 2014 by a jury after a criminal trial in the Kent County Circuit Court. Brandon filed a federal habeas petition under 28 U.S.C. § 2254. The magistrate judge issued a report recommending the petition be denied. (ECF No. 7 R&R.) Brandon filed objections.[1] (ECF No. 8.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

---

[1] The objections received by the Clerk are very difficult to read because the type is faint. Brandon has written over some of the lightest type. The Court has endeavored to read the objections and concludes that having Brandon refile the objections is not necessary.

The Court has reviewed the objections de novo. The Court concludes the R&R accurately summarizes the facts. The Court also finds that the R&R correctly outlines the law, including the standards by which the claims must be evaluated. Brandon has not demonstrated he is entitled to any relief for Claim 1. The evidence linking Brandon to the handgun was entirely circumstantial. Nevertheless, under the deferential approach to a sufficiency of the evidence claim, the evidence presented at trial was sufficient for a reasonable jury to convict Brandon. Brandon has also not demonstrated he is entitled to any relief for Claim 2. The claim was procedurally defaulted by not objecting to the trial court's failure to place a decision on the record. And, the claim was waived when counsel agreed that the empaneled jury was satisfactory. Brandon does not object to either of these conclusions in the R&R. Furthermore, even though the trial court did not explicitly rule on the motion to excuse the entire jury, the state court of appeals concluded that the trial court implicitly denied the motion by continuing the jury selection process. Brandon has not explained why that conclusion was wrong, or how that conclusion implicates his constitutional rights.

For these reasons, the R&R (ECF No. 7) is **ADOPTED** as the Court's opinion. Accordingly, the petition for habeas relief is **DENIED.**

The Court has reviewed the record for the purpose of deciding whether to issue a certificate of appealability. Reasonable jurists would not debate whether the claims should have been resolved differently. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: January 31, 2018                                        /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge